1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY BRAY,                          CASE NO. 1:12-cv-00710-MJS

12                  Plaintiff,              ORDER DISMISSING FIRST AMENDED
                                            COMPLAINT WITH LEAVE TO AMEND
13            v.
                                            (ECF NO. 4)
14   KATHLEEN DICKINSON, et al.,
                                            AMENDED   COMPLAINT   DUE   WITHIN
15                  Defendants.             THIRTY (30) DAYS

16

17                              **SCREENING ORDER**

18   **I.     PROCEDURAL HISTORY**

19          Plaintiff Anthony Bray is a state prisoner proceeding pro se and in forma pauperis

20   in this civil rights action pursuant to 42 U.S.C. § 1983.    Plaintiff has consented to

21   Magistrate Judge jurisdiction.  (ECF No. 6.)

22          Plaintiff, along with inmates Jorge Ornelas, Mario Gonzales, Vincent Alvarez, and

23   Leonel Guzman initiated this action on April 6, 2012.  (ECF No. 1).  On May 3, 2012, the

24   Court severed the claims and directed the Clerk of the Court to open new separate civil

25   actions for each Plaintiff.  (ECF No. 2)  Each Plaintiff was instructed to file an amended

26   complaint.  Plaintiff's First Amended Complaint (ECF No. 4) is now before the Court for

27   screening.

28
                                            1

1   **II.    SCREENING REQUIREMENT**

2          The Court is required to screen complaints brought by prisoners seeking relief

3   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

5   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

6   relief may be granted, or that seek monetary relief from a defendant who is immune from

7   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

8   thereof, that may have been paid, the court shall dismiss the case at any time if the court

9   determines that . . . the action or appeal . . . fails to state a claim upon which relief may

10  be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11         Section 1983 "provides a cause of action for the 'deprivation of any rights,

12  privileges, or immunities secured by the Constitution and laws' of the United States."

13  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

14  Section 1983 is not itself a source of substantive rights, but merely provides a method for

15  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

16  (1989).

17  **III.   SUMMARY OF FIRST AMENDED COMPLAINT**

18         Plaintiff identifies the following individuals as Defendants: (1) Kathleen Dickinson,

19  Associate Director, California Department of Corrections and Rehabilitation (CDCR); (2)

20  James D. Hartley, Warden, Avenal State Prison (Avenal); (3) Ron Davis, Chief Deputy

21  Warden, Avenal; (4) Captain Biaggini, Avenal; (5) L. Lopez, Appeals Coordinator,

22  Avenal; (6) Sergeant Kramer, Avenal; (7) J. Robles, Correctional Officer, Avenal; and (8)

23  Officer Hein, Avenal.

24         The First Amended Complaint contains no factual allegations.  Instead, Plaintiff

25  directs the Court to the original complaint filed April 6, 2012.  The initial complaint

26  asserted that Defendants forced inmates designated as Southern Hispanics to enter

27  prison facilities with known enemies or face disciplinary action.  Defendants allegedly

28

2

1    falsified inmate records and interfered with the inmate grievance process.

2        Plaintiff is mentioned in the original complaint's factual allegations only once.  On

3    November 8, 2011, Defendant Hein ordered Plaintiff and another inmate to relocate to a

4    housing unit with known enemies.  The following day a fight occurred and Plaintiff was

5    injured.  (ECF No. 1 at 9, 10.)  The remaining allegations refer explicitly to other inmates

6    or describe constitutional violations suffered collectively by a larger group of inmates at

7    Avenal.

8    IV.    **ANALYSIS**

9        A.    **Section 1983**

10        To state a claim under Section 1983, a plaintiff must allege two essential

11   elements: (1) that a right secured by the Constitution or laws of the United States was

12   violated and (2) that the alleged violation was committed by a person acting under the

13   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

14   Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

15        A complaint must contain "a short and plain statement of the claim showing that

16   the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

17   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

18   supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

19   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

20   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

21   plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

22   that a defendant committed misconduct and, while factual allegations are accepted as

23   true, legal conclusions are not.  Id. at 1949-50.

24        B.    **Insufficient Pleading**

25        Local Rule 220 requires that an amended complaint be complete in itself without

26   reference to any prior pleading. As a general rule, an amended complaint supersedes

27   the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an

28

3

1   amended complaint is filed, the original complaint no longer serves any function in the

2   case.  Therefore, in an amended complaint, as in an original complaint, each claim and

3   the involvement of each defendant must be sufficiently alleged.

4          Plaintiff's First Amended Complaint incorporates a prior pleading by reference in

5   violation of Local Rule 220.  The amended complaint refers to the original complaint

6   entirely and contains no factual allegations.  Pursuant to Rule 8(a) of the Federal Rules

7   of Civil Procedure, the complaint or amended complaint must contain a "short and plain

8   statement of the claim showing that the pleader is entitled to relief."  Plaintiff's claims

9   were severed from those of his fellow inmates and he is solely responsible for his own

10  action.  Plaintiff cannot rely on the allegations of others.  Accordingly, the First Amended

11  Complaint is dismissed with leave to amend.

12         Should Plaintiff choose to amend, he must include all relevant factual allegations

13  in one document.   References to facts alleged in preceding complaints will be

14  disregarded.  Plaintiff must allege facts only as they relate to alleged violations of his

15  rights.  The following sections provide the legal standards the Court believes may be

16  applicable to Plaintiff's claims based on a review of the original complaint.

17         **C.**    **Linkage Requirement**

18         Under § 1983, Plaintiff must demonstrate that each defendant personally

19  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th

20  Cir. 2002).  This requires the presentation of factual allegations sufficient to state a

21  plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572

22  F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting

23  this plausibility standard.  Id.

24         The statute requires that there be an actual connection or link between the

25  actions of the defendants and the deprivation alleged to have been suffered by the

26  plaintiff.   See Monell v. Department of Social Services, 436 U.S. 658 (1978).

27  Government officials may not be held liable for the actions of their subordinates under a

28

4

1   theory of respondeat superior.   Iqbal, 129 S.Ct. at 1948.   Since a government official

2   cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

3   plead sufficient facts showing that the official has violated the Constitution through his

4   own individual actions.   Id. at 1948.   In other words, to state a claim for relief under §

5   1983, Plaintiff must link each named defendant with some affirmative act or omission

6   that demonstrates a violation of Plaintiff's federal rights.

7       **D.**   **Eighth Amendment**

8       The Eighth Amendment protects prisoners from inhumane methods of

9   punishment and from inhumane conditions of confinement.   Morgan v. Morgensen, 465

10   F.3d 1041, 1045 (9th Cir. 2006).   Although prison conditions may be restrictive and

11   harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation,

12   medical care, and personal safety.   Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)

13   (internal citations and quotations omitted).   Prison officials have a duty to take

14   reasonable steps to protect inmates from physical abuse.   Farmer, 511 U.S. at 833;

15   Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).   The failure of prison officials to

16   protect inmates from attacks by other inmates may rise to the level of an Eighth

17   Amendment violation where prison officials know of and disregard a substantial risk of

18   serious harm to the plaintiff.   E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

19       **E.**   **Fourteenth Amendment**

20       1.   Due Process

21       The Due Process Clause protects Plaintiff against the deprivation of liberty

22   without the procedural protections to which he is entitled under the law.   Wilkinson v.

23   Austin, 545 U.S. 209, 221 (2005).   To state a claim, Plaintiff must first identify the interest

24   at stake.   Id.   Liberty interests may arise from the Due Process Clause or from state law.

25   Id.

26       The Due Process Clause itself does not confer on inmates a liberty interest in

27   avoiding more adverse conditions of confinement and an independent right to an

28

accurate prison record, grounded in the Due Process Clause, has not been recognized. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).  Under state law, liberty interests created by prison regulations are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 484 (1995)) (quotation marks omitted).  Plaintiff does not a have protected liberty interest in the processing of his inmate appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

2.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must

1  demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.

2  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state

3  a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555

4  (2007)).  Plaintiff must also demonstrate that each named Defendant personally

5  participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

6  2002).

7       Plaintiff should note that although he has been given the opportunity to amend, it

8  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

9  Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

10  curing the deficiencies set forth above.

11       Finally, Plaintiff is advised that Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  As a general

13  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14  F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint

15  no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be

17  sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second

18  Amended Complaint," refer to the appropriate case number, and be an original signed

19  under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

20  8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

21  right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations

22  omitted).

23       Accordingly, it is HEREBY ORDERED that:

24       1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

25  and (2) a copy of his First Amended Complaint, filed May 30, 2012;

26       2.   Plaintiff's First Amended Complaint is dismissed for failure to state a claim

27  upon which relief may be granted;

28       3.   Plaintiff shall file an amended complaint within thirty (30) days; and

7

1    4.    If Plaintiff fails to file an amended complaint in compliance with this order,

2  this action will be dismissed, with prejudice, for failure to state a claim and failure to

3  comply with a court order.

4

5

IT IS SO ORDERED.

6

7    Dated:   __September 27, 2013__    ___/s/ *Michael J. Seng*

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28